IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Criminal Action No. 7:16-cr-25 |
| v. | ) |
| | ) |
| DAVID CHRISTOPHER MARTIN, | ) By: Michael F. Urbanski |
| | ) Chief United States District Judge |
| Defendant | ) |

## MEMORANDUM OPINION

On July 29, 2020, defendant David Christopher Martin, represented by counsel, filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, asserting that he is entitled to relief based on the holding in Rehaif v. United States, 139 S.Ct. 2191 (2019). ECF No. 50. The government responded in opposition on September 23, 2020. ECF No. 55. For the reasons stated below, the court will **DENY** Martin's motion.

### I. BACKGROUND

On May 5, 2016, Martin was indicted on one count of possessing one or more firearms and affecting interstate commerce after he had previously been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. §§ 922(g)(1) (Count One); transporting and shipping one or more stolen firearms in interstate commerce, in violation of 18 U.S.C. §§ 922(i) and 924(a)(2) (Count Two); and stealing firearms from a licensed firearms dealer in violation of 18 U.S.C. § 922(u) (Count Three). Indictment, ECF No. 7.

On July 7, 2016, Martin entered into a plea agreement pursuant to Fed. R. Crim. P. 11, in which he agreed to plead guilty Counts One and Two and the government agreed to dismiss Count Three at sentencing. Plea Agreement, ECF No. 25. On Count One, if the court determined Martin had at least 3 prior convictions for serious drug offenses, violent felonies, or both, he faced a minimum statutory penalty of 15 years and a maximum penalty of life, to be followed by a 5-year term of supervised release. If the court determined that he did not have 3 prior convictions for serious drug offenses or violent felonies, there was no mandatory minimum sentence and he faced a maximum sentence of 10 years, to be followed by a 3-year period of supervised release. Count Two carried a maximum statutory penalty of 10 years to be followed by a 3-year term of supervised release. Plea Agreement, ECF No. 50. Martin entered his guilty plea the same day. ECF No. 26, 30.

On November 3, 2016, the court sentenced Martin to 120 months on Count One and 120 months on Count Two, with 84 months of the Count Two term to run concurrently with Count One and 36 months to run consecutively to Count One, for a total of 156 months, to be followed by a 3-year term of supervised release. Judgment, ECF No. 45. Martin did not file a direct appeal in his case but filed this § 2255 motion on July 29, 2020. ECF No. 50.

## II. DISCUSSION

### A. 28 U.S.C. § 2255

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

U.S.C. § 2255(a). If a petition alleges a sentencing error that is neither constitutional nor jurisdictional, "a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). A petitioner collaterally attacking his conviction or sentence via a § 2255 petition bears the burden of showing by a preponderance of evidence that he is entitled to relief. White v. United States, 352 F.Supp.2d 684, 687 (E.D. Va. 2004) (citing Miller v. United States, 261 F.2d 546 (4th Cir. 1958), and Vanater v. Boles, 377 F.2d 898, 900 (4th Cir. 1967)).

"The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rule 12 of the Rules Governing Section 2255 Proceedings. The court may dismiss a § 2255 motion without a hearing when the motion, any attached exhibits, and the record of prior proceedings conclusively show that the moving party is not entitled to relief. United States v. Renrick, No. 6:11-CR-00338-JMC-16, 2019 WL 4140934, *2 (D.S.C. Aug. 30, 2019) (citing 28 U.S.C. § 2255(b)).

"When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007). The court does not weigh the evidence but reviews the facts in the light most favorable to the petitioner and determines whether there is a genuine issue of fact. Lewis v. United States, No. 4:12-CR-00068-FL-2, 2015 WL 2401514, at *3 (E.D.N.C. May 20, 2015) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). "Permissible inferences must still be within the range of reasonable probability, ... and

3

it is the duty of the court to [grant summary judgment] when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Id. (citing Lovelace v. Sherwin–Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted)).

Martin argues that he is entitled to have his sentence vacated under the holding in Rehaif. The government raises three arguments for why Martin's claim should be dismissed or denied: (1) The motion is untimely; (2) Martin did not sign the motion; and (3) Martin procedurally defaulted his claim and cannot overcome the procedural default.

**B. Timeliness of Petition**

Petitioners seeking relief under 18 U.S.C. § 2255 must file within the one-year statute of limitations set out in the statute. The period begins to run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Rehaif was decided on June 21, 2019, making June 21, 2020 the deadline to file under 28 U.S.C. § 2255(f)(3). Martin did not file his motion until July 29, 2020, more than a month after the limitations period had run. Martin has not argued that he is entitled to equitable tolling of the deadline and no reason to grant equitable tolling appears on the record.

4

Accordingly, Martin's motion for relief under § 2255 is time-barred and subject to dismissal. In the alternative, as discussed below, he has procedurally defaulted his claim.

## C. Unsigned Motion

The government points out that neither Martin nor any authorized person signed the § 2255 motion. According to Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, motions for relief under the statute should be signed under penalty of perjury by the movant or by a person authorized to sign for the movant. The government urges that if the court does not dismiss the petition as untimely that Martin should be ordered to file § a 2255 petition that is signed under penalty of perjury or to file a statement signed by him under penalty of perjury showing that he has reviewed the § 2255 motion and agrees that the facts stated in it are true and correct. Because the court finds that Martin's § 2255 motion is untimely, and also, as discussed below, because he cannot overcome procedural default in this case, the court will not order Martin to file additional pleadings.

## D. Rehaif Claim

In Rehaif, the Court examined 18 U.S.C. § 922(g), which prohibits nine categories of persons from possessing a firearm, including aliens illegally or unlawfully in the United States and persons, like Martin, who have been convicted in any court of a crime punishable by imprisonment for a term exceeding one year. A knowing violation of § 922(g) is punishable by incarceration for up to ten years. 18 U.S.C. §§ 922(g) and 924(c).

The defendant in Rehaif was in the United States on a nonimmigrant student visa to attend university. Rehaif, 139 S.Ct. at 2194. After he received poor grades, the university suspended him and told him that his "immigration status" would be terminated unless he

transferred to a different university or left the country. Id. Rehaif stayed in the United States and went to a firing range, where he shot two firearms. The government learned that he had done so and prosecuted him under 18 U.S.C. §§ 922(g) and 924(a)(2). At trial, the court instructed the jury, over Rehaif's objection, that the United States was not required to prove that Rehaif knew that he was illegally or unlawfully in the United States. Id.

On appeal, the Eleventh Circuit Court of Appeals affirmed the conviction and the Supreme Court granted certiorari to consider whether, in prosecutions under §§ 922(g) and 924(c), the government must prove that a defendant knew of his status as a person barred from possessing a firearm. The Court reversed, holding that because § 922(g) specifies that a defendant may be convicted only if he "knowingly violates" § 922(g), "Congress intended to require the Government to establish that the defendant knew he violated the material elements of § 922(g)." Rehaif, 139 S.Ct. at 2196. Therefore, the Court concluded that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Id. at 2200.

Martin argues that his conviction should be vacated under Rehaif because the indictment did not allege, as an element, that he had knowledge of his prohibited status. Citing United States v. Gary, 954 F.3d 194, 198 (4th Cir. 2020), Martin argued that the failure to allege that he had knowledge of his status was a structural error and that he was entitled to vacatur

6

of the plea without a showing of prejudice. However, as discussed below, Gary recently was overruled by Greer v. United States, 141 S.Ct. 2090, 2100 (2021).[1]

In its response, the government asserts that because Martin did not raise the constitutional attack on his § 922(g) conviction on direct appeal, he procedurally defaulted the claim.[2]

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. See United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir. 1994). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. See Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. See id. at 496, 106 S.Ct. 2639.

United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999). See also Bousley v. United States, 523 U.S. 614, 621-22 (1998) and United States v. Fugit, 703 F.3d 248, 253-54 (4th Cir. 2012) (finding procedural default may be excused when a person attacking his conviction shows that he is actually innocent, or shows cause for the default and prejudice resulting from it). To show prejudice in the context of a guilty plea on the ground that the district court committed plain error, a person challenging his conviction must show that but for the error, he would not have pled guilty. United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).

---

[1] Greer was a consolidated appeal of two circuit court cases, Greer v. United States, 735 F. App'x 886 (11th Cir. 2019) (per curiam) and United States v. Gary, 954 F.3d 194, 201 (4th Cir. 2020).
[2] The government conceded that Rehaif is retroactively applicable on collateral review in a first § 2255 motion. Resp. in Opp'n, ECF No. 55 at 8.

7

The government argues that in order to be entitled to relief, Martin must show cause and prejudice for the default or that he is actually innocent of the offense in order to overcome the procedural default. However, if the failure of the indictment to charge Martin with knowingly violating the statute was structural error, he is entitled to vacatur of his conviction without any additional showing of prejudice or actual innocence.

Greer addressed whether a Rehaif error is "plain" or "structural." The plain-error test requires a showing that (1) there was an error; (2) the error was plain; and (3) the error affected the defendant's "substantial rights," which generally means that there must be "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Greer, 141 S.Ct. at 2096 (citing Rule 52(b) of the Federal Rules of Criminal Procedure, and Rosales-Mireles v. United States, 138 S.Ct. 1897, 1904-05 (2018)). The Court explained structural errors this way:

> Structural errors are errors that affect the "entire conduct of the [proceeding] from beginning to end." [Arizona v. Fulminante, 499 U.S. 279, 309 (1991)]. The "highly exceptional" category of structural errors includes, for example, the "denial of counsel of choice, denial of self-representation, denial of a public trial, and failure to convey to a jury that guilt must be proved beyond a reasonable doubt." United States v. Davila, 569 U.S. 597, 611, 133 S.Ct. 2139, 186 L.Ed.2d 139 (2013).
>
> By contrast, discrete defects in the criminal process—such as the omission of a single element from jury instructions or the omission of a required warning from a Rule 11 plea colloquy—are not structural because they do not "necessarily render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." [Neder v United States, 527 U.S. at 9 (1999)] (omission of element from jury instructions); see also Dominguez Benitez, 542 U.S. at 81, n.6, 124 S.Ct. 2333] (omission of Rule 11 warning from plea colloquy).

Id. at 2100.

The defendant argued that Rehaif errors are structural and require automatic vacatur in every case without regard to whether a defendant can otherwise satisfy the plain-error test. Id. at 2099. The Court rejected that argument, noting that a constitutional error does not automatically require reversal of a conviction. Id. at 2099 (citing Fulminante, 499 U.S. at 306). Only in very few cases has the Court found that an error is structural and subject to automatic reversal on appeal. Id. at 2099-2100 (citing Neder, 527 U.S. at 8). The Court went on to find that Rehaif errors "fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" Id. at 2100 (quoting Fulminante, 499 U.S. at 306). Rather, a defendant must satisfy the ordinary plain-error test. Id.

> The bottom line of these two cases is straightforward. In felon-in-possession cases, a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon. When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant has carried the burden of showing a "reasonable probability" that the outcome of the district court proceeding would have been different.

Id.

Greer addressed Rehaif cases on direct appeal. Here, in the context of collateral review, in order to overcome procedural default of his claim, Martin must show cause and prejudice for the default, which relies on the plain-error test, or that he is actually innocent of the offense. He can do neither.

To show prejudice, he must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different.[3] In Dominguez-Benitez, 542 U.S. at

---

[3] The government also argued that Martin cannot show cause for not raising the claim earlier because the argument he could have made about the knowledge requirement was not so novel as to be unavailable. The

9

76, a defendant sought to withdraw his guilty plea as a consequence of the district court's failure to give a warning required by Federal Rule of Criminal Procedure 11. Because the error was not preserved by timely objection, the plain-error standard set out in Federal Rule of Criminal Procedure 52(b) applied, which provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." The Court found that to prove an effect on substantial rights, the defendant had to show "a reasonable probability that, but for the error, he would not have entered the plea." Id. at 76.

Martin cannot make this showing. He has not asserted that he was unaware of his status as a person who had been convicted of a crime punishable by imprisonment for a term exceeding one year. Nor has he asserted that if he knew that the government had to prove he knew his status that he would not have pled guilty but would have gone to trial instead.

Moreover, it is clear from the record that Martin knew his status as a convicted felon. On May 9, 2013, Martin was convicted of theft of firearms from a licensed dealer and sentenced to 100 months to be followed by three years of supervised release. United States v. Martin, No. 7:02-cr-00127 (W.D. Va. May 9, 2003), ECF No. 55-2 in the instant case. Martin's supervised release was revoked in that case and he was sentenced to 24 months in custody, to be followed by 12 months of supervised release. Amd. J., ECF No. 45 in 7:02-cr-00127; ECF No. 55-3 in the instant case.

When Martin was released from incarceration on the revocation, he acknowledged in writing that he was not to possess a firearm, ammunition, destructive device, or any other

---

court finds it unnecessary to address that issue, because, as discussed, even if Martin could show cause for the procedural default, he cannot show prejudice.

10

dangerous weapon. Supervised Release Form, ECF No. 44 in 7:02-cr-00127; ECF No. 55-4 in the instant case. At that time he also acknowledged in writing in the presence of his United States Probation Officer that on or after the date of conviction, a convicted felon may not receive or acquire any firearm or ammunition which has ever traveled in or affected interstate commerce, regardless of the use intended. Probation Form, ECF No. 55-5.

In addition, according to the Pre-Sentence Investigation Report (PSR) in his case, Martin had a previous state court conviction for one count of unlawful wounding and one count of unlawful shooting, for which he ultimately was sentenced to a 5-year term of incarceration. PSR, ECF No. 58 at ¶ 35. He also was sentenced to a 12-month term in state court for brandishing a firearm, and a 3-year term for feloniously carrying a concealed weapon. Id. at ¶¶ 37, 39. He also was sentenced to a 4-year term for breaking and entering violations. Id. at ¶ 41. In light of his multiple previous felony convictions, Martin cannot plausibly claim that he did not know his status as a felon when he stole the firearms in 2014.

Accordingly, based on the holding in Greer and the fact that it is clear that Martin understood that he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, the court finds that Martin could not make a showing that he would not have pled guilty to being a felon in possession if he had known that the government had to prove that he was aware of his status. Nor, based on the same facts, could he show that he is actually innocent of the offense of being a felon in possession of a firearm. For these reasons, the court finds that Martin has not overcome the procedural default in his case and is not entitled to relief under Rehaif.

## III. CONCLUSION

Martin's § 2255 motion is time-barred and subject to **DISMISSAL**. In the alternative, Martin procedurally defaulted his claim and has failed to show cause and prejudice for the default or that he is actually innocent. Accordingly, the allegations in Martin's complaint, taken in the light most favorable to him, do not warrant vacatur of his guilty plea, and the court **DENIES** his § 2255 petition, ECF No. 50. Also, because Martin has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is **DENIED**.

An appropriate order will be entered.

Entered: 08/02/2021

Michael F. Urbanski
Chief United States District Judge